IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

PATRICIA GIALOPSOS, )
  )
_____ )
           Plaintiff(s), )
vs. )
  )
LIBERTY MUTUAL INSURANCE, ) CASE NO. 3AN-20-4223 CI
  )
_____ ) **SUMMONS AND**
           Defendant(s). ) **NOTICE TO BOTH PARTIES**
  ) **OF JUDICIAL ASSIGNMENT**

To Defendant: LIBERTY MUTUAL INSURANCE

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Keri-Ann C. Baker / Reeves Amodio LLC _____, whose address is: 500 L Street, Suite 300, Anchorage, AK 99501   (907) 222-7100                       .

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge ____Ramgren____
  and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

                                                CLERK OF COURT

__1/13/2020__                        By: _____
   Date                                         Deputy Clerk

I certify that on _1/13/2020_ a copy of this Summons was ☐ mailed ☒ given to _____
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk ____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                                Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

PATRICIA GIALOPSOS, )
                        Plaintiff, )
v. )
LIBERTY MUTUAL INSURANCE, )
                        Defendants. )

COPY
Original Received
JAN 1 3 2020
Clerk of the Trial Courts

Case No. 3AN-20-04223 CI

## COMPLAINT

Plaintiff Patricia Gialopsos ("PJ"), by and through counsel, files this complaint against Defendant Liberty Mutual Insurance ("Liberty Mutual") and complains as follows:

1. Plaintiff, PJ and her husband Spiro Gialopsos ("Spiro[1]") owned a building located at 2300 East 88th Avenue Anchorage, Alaska 99507 (the "Property").

**Jurisdiction and Venue**

2. PJ is a resident of the State of Alaska and is in all ways qualified to assert this complaint and to maintain this action.

3. Defendant, Liberty Mutual is an insurance that issues commercial policies in Alaska and does or did business in the State at all times relevant hereto and is otherwise subject to the jurisdiction of this Court.

4. PJ's damages far exceed One Hundred Thousand Dollars ($100,000).

---

[1] Spiro passed away in Greece on January 15, 2019.

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____ CI

PAGE 1 OF 6

5. Venue is proper in this jurisdiction considering

**Facts Common to All Claims**

6. PJ moved to Alaska in the late seventies and started a career in retail management in downtown Anchorage.

7. PJ met Spiro in Greece and the two fell madly in love.

8. The couple married quickly and started a life in Alaska with plans to start a business and a family.

9. PJ and Spiro started Little Italy Restraunte ("Little Italy") in 1984.

10. Little Italy was initially located in a small portion of a building located next to a Brown Jug Liquor Store.

11. Spiro originally served only Italian food, especially menu items featuring his "secret" sauce, which he brought over from his family recipes.

12. PJ ran the books, the front of the house and everything else.

13. Little Italy first opened with just a handful of tables just as the state saw a mass exodus of people and capital.

14. Undeterred by the bad timing, the couple survived through catering, delivering pizzas until 2 am and by cooking at renaissance and street fairs.

15. Eventually PJ insisted that Spiro add his Greek recipes to the menu which proved to be a wise business decision.

16. The business grew tremendously after Spiro started serving Greek food.

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____ CI

PAGE 2 OF 6

Case 3:20-cv-00032-JWS   Document 1-1   Filed 02/13/20   Page 3 of 7   Exhibit 1
Page 3 of 7

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

17. Eventually the line to eat at Little Italy would back up into the parking lot and the patrons would sip wine while waiting for a table.

18. Little Italy fans waiting for a table would help bus their tables so the tables could be turned over quickly.

19. Spiro loved wine, cigars and people and his incorrigible attitude combined with PJ's aptitude for business propelled the business to success.

20. The Brown Jug Liquor store closed, and PJ and Spiro took over that portion of the building.

21. PJ and Spiro eventually purchased the entire building.

22. As the business increased, PJ and Spiro expanded the business into three discrete business lines.

23. The first and original business line consists of the Little Italy restaurant featuring Greek and Italian fine dining.

24. The second business line, 88 Street Pizza, consisted of takeout pizza and was started in 1990.

25. The third business line consisted of a wine and package store.

26. Along with their expanding businesses, PJ and Spiro expanded their family adding a son and two daughters.

27. Little Italy and the Gialopsos' additional business endeavors evolved into a profitable family owned business and PJ and Spiro's children grew up working alongside their parents in the kitchen and the front of the house.

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____ CI

PAGE 3 OF 6

Case 3:20-cv-00032-JWS   Document 1-1   Filed 02/13/20   Page 4 of 7

Exhibit 1
Page 4 of 7

28. For nearly 33 years the Gialopsos family ran a successful business at the Property.

29. Then on June 29, 2017, a fire broke out in the building in the early morning hours.

30. The fire caused quite a bit of damage, especially to the 88th Street Pizza portion of the Building.

31. The fire damaged the front of the building both on the interior and the exterior of the building and burned through the wall.

32. The entire building sustained smoke damage.

33. The pizza oven and other restaurant equipment was damaged beyond repair.

34. When PJ received the call about the fire she was out of town and immediately returned home.

35. The Gialopsos family was humbled and touched when many of their long-term patrons and family friends showed up to help with the initial cleanup necessitated from the fire.

36. Touched by the tremendous outpouring of support by customers, family and friends, PJ and Spiro thought everything would be fine and that the damaged Property would be repaired and running in no time.

37. PJ had been very careful when she purchased insurance from Liberty Mutual to insure all three business lines individually.

38. PJ and Spiro paid their insurance for 35 years and they expected that insurance company would pay to help them when a fire – a covered event – shut down two of their three business lines and significantly impacted the profits generated from their third business line.

39. Liberty has not paid the amounts owed pursuant to the insurance policy.

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____CI

PAGE 4 OF 6

Case 3:20-cv-00032-JWS   Document 1-1   Filed 02/13/20   Page 5 of 7

Exhibit 1
Page 5 of 7

40. Spiro passed away on January 15, 2019 without seeing the businesses he spent his life building restored.

41. There is no justifiable basis for Liberty to withhold insurance proceeds.

42. Liberty has acted in bad faith.

43. Liberty's actions have caused damages including but not limited to lost business profits.

44. This Court has jurisdiction over this proceeding.

45. All conditions precedent to bringing this claim have been met or otherwise waived.

## COUNT I
### (Breach of Contract)

46. Plaintiff incorporates by reference paragraphs 1 through 40.

47. Liberty's actions and conduct, set forth above, constitute a breach of its Insurance Contract with Plaintiff Gialopsos.

48. Liberty's breaches have caused damage to Gialopsos in excess of the statutory amount.

49. Gialopsos is therefore entitled to recover damages against Liberty's for its breaches of contract, in an amount to be proven at trial.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

50. Plaintiff incorporates by reference paragraphs 1 through 44.

51. Liberty's actions and conduct set forth above, also constitute a breach of the covenant of good faith and fair dealing found in every contract in Alaska.

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____ CI

PAGE 5 OF 6

Case 3:20-cv-00032-JWS   Document 1-1   Filed 02/13/20   Page 6 of 7

Exhibit 1
Page 6 of 7

52. Liberty's breaches have caused damage to Gialopsos of not less than $1,000,000.

53. Gialopsos is therefore entitled to recover damages against Liberty for breaching the covenant of good faith and fair dealing, in an amount to be proven at trial, but not less than $1,000,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff PATRICIA GIALOPSOS prays for relief, against Defendant LIBERTY MUTUAL as follows:

1. For a money judgment against Defendant Liberty Mutual for breach of contract, in an amount to be proven at trial, but not less than One Million Dollars ($1,000,000.00).

2. For punitive damages against Defendant Liberty Mutual for breach of the covenant of good faith and fair dealing, in an amount to be proven at trial, but not less than One Million Dollars ($1,000,000).

3. For an award of attorneys' fees and costs.

4. For such other relief as this court deems just and equitable.

DATED this 13th day of January 2020.

REEVES AMODIO LLC
Attorneys for Plaintiff Patricia Gialopsos

By: _____
Brian J. Stibitz
ABA No. 0106043
Keri-Ann C. Baker
ABA No. 1812129

COMPLAINT
*Gialopsos v. Liberty Mutual Insurance*
CASE NO.: 3AN-20-_____ CI

PAGE 6 OF 6

Case 3:20-cv-00032-JWS   Document 1-1   Filed 02/13/20   Page 7 of 7

Exhibit 1
Page 7 of 7